PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

## DISTRICT OF HAWAII

FEB 2 0 2007
at 3 o'clock and __ min __ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: GREGORY TANG        Case Number: CR 01-00432SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 5/28/2003

Original Offense:    Attempt to Possess With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846, a Class A felony.

Original Sentence:   Forty-one (41) months imprisonment to be followed by four (4) years supervised release with the following special conditions: 1) The defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) The defendant is prohibited from possessing any illegal or dangerous weapons; and 3) The defendant provide the Probation Office access to any requested financial information.

Type of Supervision: Supervised Release    Date Supervision Commenced: 7/22/2004

## PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

Prob 12B
(7/93)

2

## CAUSE

The offender has a history of methamphetamine abuse. The offender successfully completed treatment and was discharged from a substance abuse program. However, according to the ruling in Stephens (<u>United States v. Stephens</u>, Ninth Circuit 2005), the Court is required to order the number of drug tests outside of treatment. Given the established relationship between substance abuse and criminal activity, controlling strategies to detect substance abuse and prompt intervention is recommended in this case. Drug testing is the most reliable method for monitoring the offender's drug use.

The purpose for the modification is so that the Probation Office could continue to conduct random drug testing at the rate of up to eight (8) tests per month. This schedule would allow the Probation Officer to fashion random drug testing designed to detect drug use while not allowing the offender to predict the test dates. It is respectfully recommended that the Court modify the conditions of supervision.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

*/s/ Sydney L. Fleming*

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

*/s/ Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/15/2007

Prob 12B
(7/93)

3

THE COURT ORDERS:

[ X ]   The Modification of Conditions as Noted Above
[ ]     Other

*[signature]*
SUSAN OKI MOLLWAY
U.S. District Judge

FEB 1 6 2007

Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

       The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

       The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____*Gregory Tang*_____
Defendant

Print Name: Gregory Tang

Date: 2-16-07

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

     I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

     I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

       *General Condition*   *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.*

Witness: _____  Signed: _____
SYDNEY L. FLEMING                                    GREGORY TANG
U.S. Probation Officer                                    Supervised Releasee

2-14-07
Date